**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| A.P., by and through her grandfather, R.S., as next of friend,<br><br>        Plaintiff,<br><br>  vs.<br><br>South Carolina Department of Social Services, Lorianna Barnhill, Sarah Farnan, Jerrina Rowell, ShaunYetta Foulks, Megan Brownley, Jennifer Dorman, Tanya Anthony, South Carolina Youth Advocate Program, Hannah Pabst, Monica Kelly, Rebecca Rafferty, Wise Care Services, LLC, Three Rivers Residential Treatment Midlands Campus, Inc., Universal Health Services, Inc., UHS of Delaware, Inc., Excalibur Youth Services, LLC, and Broadstep Behavioral Health, Inc.,<br><br>        Defendants. | C/A No. 4:25-cv-05882-JD<br><br><br>**ANSWER OF DEFENDANT BROADSTEP BEHAVIORAL HEALTH, INC.**<br><br>**(Jury Trial Demanded)** |

Defendant Broadstep Behavioral Health, Inc. ("Broadstep"), by and through the undersigned counsel, hereby answers the Complaint of Plaintiff herein as follows:

**FOR A FIRST DEFENSE**
**(General Denial)**

1.     Each and every paragraph of Plaintiff's Complaint not hereinafter specifically admitted, qualified, or explained is denied.

2.     Broadstep admits the allegations of Paragraphs 1-2 upon information and belief.

3.     Broadstep lacks sufficient knowledge or information upon which to form a belief as to the allegations of Paragraphs 3-5 and, therefore, denies the same.

4.      Answering the allegations of Paragraph 6, Broadstep admits, upon information and belief, only so much of Paragraph 6 as alleges or may be construed to allege that DSS is an agency of the State of South Carolina created by the General Assembly of the State of South Carolina and is responsible for ensuring that the children in its custody are safe and investigating claims of child abuse and neglect in South Carolina. The remaining allegations of Paragraph 6 state legal conclusions to which no response is required. To the extent a response is contemplated, Broadstep denies the remaining allegations of Paragraph 6 and demands strict proof thereof.

5.      Broadstep lacks sufficient knowledge or information upon which to form a belief as to the allegations of Paragraphs 7-28 and, therefore, denies the same.

6.      Broadstep denies the allegations of Paragraphs 28 and 29 as stated and demands strict proof thereof.

7.      Paragraphs 30-31 state legal conclusions to which no response is required. To the extent a response is contemplated, Broadstep denies the allegations of Paragraphs 30-31 and demands strict proof thereof.

8.      Answering the allegations of Paragraph 32, Broadstep restates its responses to Paragraphs 1-31 of Plaintiff's Complaint as if fully set forth herein.

9.      Broadstep lacks sufficient knowledge or information upon which to form a belief as to the allegations of Paragraphs 33-37 and, therefore, denies the same.

10.      Answering the allegations of Paragraph 38, Broadstep restates its responses to Paragraphs 1-37 of Plaintiff's Complaint as if fully set forth herein.

11.      Broadstep lacks sufficient knowledge or information upon which to form a belief as to the allegations of Paragraphs 39-50 and, therefore, denies the same.

12. Answering the allegations of Paragraph 51, Broadstep restates its responses to Paragraphs 1-50 of Plaintiff's Complaint as if fully set forth herein.

13. Broadstep lacks sufficient knowledge or information upon which to form a belief as to the allegations of Paragraphs 52-79 and, therefore, denies the same.

14. Broadstep lacks sufficient knowledge or information upon which to form a belief as to the allegations of Paragraphs 80-92 and, therefore, denies the same.

15. Answering the allegations of Paragraph 93, Broadstep restates its responses to Paragraphs 1-92 of Plaintiff's Complaint as if fully set forth herein.

16. Paragraphs 93-95 state legal conclusions to which no response is required. To the extent a response is contemplated, Broadstep denies the allegations of Paragraphs 93-95 and demands strict proof thereof.

17. Broadstep lacks sufficient knowledge or information upon which to form a belief as to the allegations of Paragraph 96 and, therefore, denies the same.

18. Paragraph 97 states a legal conclusion to which no response is required. To the extent a response is contemplated, Broadstep denies the allegations of Paragraph 97 and demands strict proof thereof.

19. Broadstep lacks sufficient knowledge or information upon which to form a belief as to the allegations of Paragraphs 98-103 and, therefore, denies the same.

20. Broadstep denies the allegations of Paragraphs 104-105 and demands strict proof thereof.

21. Broadstep lacks sufficient knowledge or information upon which to form a belief as to the allegations of Paragraphs 106-134 and, therefore, denies the same.

22.     Answering the allegations of Paragraph 135, Broadstep restates its responses to Paragraphs 1-134 of Plaintiff's Complaint as if fully set forth herein.

23.     Broadstep lacks sufficient knowledge or information upon which to form a belief as to the allegations of Paragraphs 136-139 and, therefore, denies the same.

24.     Answering the allegations of Paragraph 140, Broadstep restates its responses to Paragraphs 1-139 of Plaintiff's Complaint as if fully set forth herein.

25.     Broadstep denies the allegations of Paragraphs 141-143 as stated and demands strict proof thereof.

26.     Answering the allegations of Paragraph 144, Broadstep restates its responses to Paragraphs 1-143 of Plaintiff's Complaint as if fully set forth herein.

27.     Broadstep lacks sufficient knowledge or information upon which to form a belief as to the allegations of Paragraphs 145-147 and, therefore, denies the same.

28.     Answering the allegations of Paragraph 148, Broadstep restates its responses to Paragraphs 1-147 of Plaintiff's Complaint as if fully set forth herein.

29.     The allegations of Paragraphs 149-160 and all subparagraphs contained therein are directed to a defendant other than Broadstep and accordingly require no response. To the extent a response is contemplated, Broadstep denies the allegations of Paragraphs 149-160 and all subparagraphs contained therein and demands strict proof thereof.

30.     Answering the allegations of Paragraph 161, Broadstep restates its responses to Paragraphs 1-160 of Plaintiff's Complaint as if fully set forth herein.

31.     The allegations of Paragraphs 162-171 and all subparagraphs contained therein are directed to a defendant other than Broadstep and accordingly require no response. To the extent a

response is contemplated, Broadstep denies the allegations of Paragraphs 162-171 and all subparagraphs contained therein and demands strict proof thereof.

32.     Answering the allegations of Paragraph 172, Broadstep restates its responses to Paragraphs 1-171 of Plaintiff's Complaint as if fully set forth herein.

33.     The allegations of Paragraphs 173-184 and all subparagraphs contained therein are directed to a defendant other than Broadstep and accordingly require no response. To the extent a response is contemplated, Broadstep denies the allegations of Paragraphs 173-184 and all subparagraphs contained therein and demands strict proof thereof.

34.     Answering the allegations of Paragraph 185, Broadstep restates its responses to Paragraphs 1-184 of Plaintiff's Complaint as if fully set forth herein.

35.     The allegations of Paragraphs 186-195 and all subparagraphs contained therein are directed to a defendant other than Broadstep and accordingly require no response. To the extent a response is contemplated, Broadstep denies the allegations of Paragraphs 186-195 and all subparagraphs contained therein and demands strict proof thereof.

36.     Answering the allegations of Paragraph 196, Broadstep restates its responses to Paragraphs 1-195 of Plaintiff's Complaint as if fully set forth herein.

37.     The allegations of Paragraphs 197-227 and all subparagraphs contained therein are directed to a defendant other than Broadstep and accordingly require no response. To the extent a response is contemplated, Broadstep denies the allegations of Paragraphs 197-227 and all subparagraphs contained therein and demands strict proof thereof.

38.     Answering the allegations of Paragraph 228, Broadstep restates its responses to Paragraphs 1-227 of Plaintiff's Complaint as if fully set forth herein.

39. Broadstep denies the allegations of Paragraphs 229-259 and all subparagraphs contained therein and demands strict proof thereof.

40. Answering the allegations of Paragraph 260, Broadstep restates its responses to Paragraphs 1-259 of Plaintiff's Complaint as if fully set forth herein.

41. The allegations of Paragraphs 261-269 and all subparagraphs contained therein are directed to a defendant other than Broadstep and accordingly require no response. To the extent a response is contemplated, Broadstep denies the allegations of Paragraphs 261-269 and all subparagraphs contained therein and demands strict proof thereof.

42. The WHEREFORE Paragraph of Plaintiff's Complaint is denied, including but not limited to any allegations which state that Plaintiff is entitled to relief of any form from Defendant.

### FOR A SECOND DEFENSE
**(Failure to State a Claim)**

43. Complaint fails to state facts sufficient to constitute causes of action against Broadstep, and thus should be dismissed pursuant to SCRCP 12(b)(6).

### FOR A THIRD DEFENSE
**(Failure to Mitigate Damages)**

44. Plaintiff failed to mitigate its damages and all claims asserted by it should be either barred or reduced to the extent that they could have taken prompt and reasonable action to avoid the occurrence of the alleged damages.

### FOR A FOURTH DEFENSE
**(Doctrines of Estoppel and Laches)**

45. Plaintiff's claims are barred by the doctrine of estoppel and/or laches.

### FOR A FIFTH DEFENSE
**(Doctrine of Waiver)**

46. Plaintiff's claims are barred by the doctrine of waiver.

6

## FOR A SIXTH DEFENSE
### (Doctrine of Assumption of the Risk)

47.     Plaintiff's claims are barred by the doctrine of assumption of the risk.

## FOR A SEVENTH DEFENSE
### (Statutes of Limitation and Repose)

48.     Plaintiff's claims are barred by the applicable statute of limitations and/or repose.

## FOR AN EIGHTH DEFENSE
### (Doctrine of Unclean Hands)

49.     Plaintiff's claims are barred by the doctrine of unclean hands.

## FOR A NINTH DEFENSE
### (Comparative Negligence & Apportionment)

50.     Broadstep, upon information and belief, alleges that any damages allegedly suffered by Plaintiff, without admitting same to be true, were due to and caused entirely by the negligence of Plaintiff, and that such is a complete bar to their recovery herein. Further, Broadstep, upon information and belief alleges that if Plaintiff's negligence was less than Broadstep's negligence, that such should be compared to that negligence of Broadstep so as to apportion the relative fault as to each party.

## FOR A TENTH DEFENSE
### (Acts or Omissions of Third-Party)

51.     Broadstep, upon information and belief, alleges that any damages allegedly suffered by Plaintiff, without admitting same to be true, are due to and caused by the sole acts/omissions or negligence, recklessness, willfulness, wantonness, carelessness, and gross negligence of Plaintiff or its agents and were not caused by Broadstep, which sole negligence of Plaintiff is a complete bar to their attempt to recover from Broadstep.

7

## FOR AN ELEVENTH DEFENSE
### (Intervening Acts or Omissions)

52.     Broadstep would allege that any damages, which are denied, are the result of an intervening act or omission of a third party.

## FOR A TWELFTH DEFENSE
### (Lack of Proximate Cause)

53.     Broadstep, upon information and belief, alleges that any damages allegedly suffered by Plaintiff, without admitting same to be true, were not proximately caused by Broadstep or its agents/employees/representatives, and that such is a complete bar to their recovery herein.

## FOR A THIRTEENTH DEFENSE
### (South Carolina Fairness in Civil Justice Act, S.C. Code Ann. §§ 15-32-510, 520, 530, 540)

54.     Broadstep asserts entitlement to all benefits, privileges, protections and limitations on any punitive damages award under the South Carolina Fairness in Civil Justice Act of 2011, as codified in S.C. Code Ann. §§15-32-510, 15-32-520, 15-32-530 and 15-32-540.

## FOR A FOURTEENTH DEFENSE
### (Opportunity to Conduct Investigation & Discovery)

55.     Broadstep submits that it has not had an opportunity to conduct a complete investigation or to engage in adequate discovery regarding the circumstances of Plaintiff's allegations. Broadstep intends to act as best it can to inform itself of the pertinent facts and prevailing circumstances surrounding any reported damage as alleged in Plaintiff's Complaint and gives notice of its intent to assert any further defenses that its information gathering process may indicate are supported by fact and law. Broadstep thus reserves the right to amend this Answer and assert additional defenses.

8

**FOR A FIFTEENTH DEFENSE**
**(Punitive Damages Protections)**

56.     Broadstep would further show that the imposition of punitive damages, if any are sought by Plaintiff, would violate the rights of Broadstep under the common law of the State of South Carolina and the Constitutions of the United States and the State of South Carolina in that:

a.     An award of punitive damages would violate the rights of Broadstep to due process and equal protection of the laws, as guaranteed by the United States Constitution and its 14th Amendment, and equivalent protections afforded by the South Carolina Constitution;

b.     Plaintiff's claim cannot be sustained because an award of such damages, subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of such damages that a jury may impose and providing no protection against multiple awards for the same course of conduct, would violate Broadstep's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Broadstep's right not to be subjected to an excessive award in violation of the Eighth Amendment to the United States Constitution, and would violate equivalent protections of the South Carolina constitution.

c.     South Carolina law provides no constitutionally adequate or meaningful standards to guide a jury in imposing a punitive award, or give to the public, including Broadstep, the reasonable and constitutionally required notice of the kind of conduct which may subject it to sanctions, or of the likely amount of such sanctions. Since scienter is an indispensable element of a criminal charge, Broadstep should not be subjected to the risk of punishment for an alleged offense as to which scienter is impossible because there are no ascertainable standards other than the arbitrary discretion of a jury;

d.     Broadstep states that the correct standard for submitting Plaintiff's burden of proof for punitive damages is "clear and convincing evidence." Any lesser standard is in violation of the due process clause of the Fourteenth Amendment of the United States Constitution and equivalent protections of the South Carolina constitution.

e.     To the extent South Carolina law leaves the determination of the fact and amount of punitive damages to the arbitrary discretion of the trier of fact, without providing adequate or meaningful limits to the exercise of that discretion, this constitutes a taking without due process of law; and

f.    Broadstep specifically incorporates by reference all standards and limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitation set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 530 U.S. 408 (2003), and *Philip Morris v. Williams*, 127 S. Ct. 1057 (2007).

**FOR A SIXTEENTH DEFENSE**
**(Setoff)**

57.    Broadstep submits that it is or may be entitled to a setoff or credit for any amount paid to Plaintiff by any third party as compensation for the injuries and damages for which Plaintiff seeks recovery herein.

**FOR A SEVENTEENTH DEFENSE**
**(No Waiver of Additional Defenses)**

58.    Broadstep does not waive and does reserve all rights to raise any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

**FOR AN EIGHTEENTH DEFENSE**
**(No Deviation from the Standard of Care)**

59.    That the care and treatment administered by this Defendant conformed to and was in full compliance with the standard of care. All care and treatment administered by this Defendant was within acceptable medical standards and methods, and at no time pertinent hereto, did this Defendant deviate from any medical standard while caring for or tendering to A.P. Consequently, the Plaintiff is barred from recovery against this Defendant.

**FOR A NINETEENTH DEFENSE**
**(Lack of Foreseeability)**

60.    That upon information and belief, even if the damages alleged in Plaintiff's Complaint, if any, were proximately caused by the acts and/or omissions of this Defendant, which

10

is otherwise denied except for the purpose of these affirmative defenses, this Defendant did not and could not have foreseen that A.P. would have been harmed during her admission to this Defendant's facility. "A negligent act or omission is a proximate cause of injury if, in a natural and continuous sequence of events, it produced the injury, and without it, the injury would not have occurred." Shepard v. South Carolina Department of Corrections, 299 S.C. 370, 385 S.E. (2d) 35 (Ct. App. 1989).

**FOR TWENTIETH DEFENSE**
**(Reservation of Right to Assert Defenses Pled by Other Parties to Action)**

61.     Broadstep also hereby gives notice that it intends to rely on such other affirmative defenses pled by Plaintiff or other parties in this matter and as may become available or apparent during the course of discovery, and thus reserves the right to amend its Answer to assert such defenses.

Defendant expressly reserves its right to amend this Answer, including the right to assert additional defenses, whether affirmative or otherwise, about which it presently lacks knowledge or information, but which may become available or apparent during the course of this litigation, through discovery, or other means.

WHEREFORE, having fully answered the Complaint of the Plaintiff, Defendant prays that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

[*Signature page follows*]

11

s/Gray T. Culbreath
Gray T. Culbreath, Fed. ID No. 5647
Eleanor L. Jones, Fed. ID No. 13437
Gallivan, White & Boyd, P.A.
Post Office Box 7368
Columbia, SC 29202
gculbreath@gwblawfirm.com
ejones@gwblawfirm.com
(803) 779-1833

**_Attorneys for Defendants Excalibur Youth
Services, LLC and Broadstep Behavioral
Health, Inc._**

June 25, 2025

12