IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| A.P. BY AND THROUGH HER GRANDFATHER, S.R., AS NEXT OF FRIEND,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, LORIANNA BARNHILL, SARAH FARNAN, JERRINA ROWELL, SHAUN YETTA FOULKS, MEGAN BROWNLEY, JENNIFER DORMAN, TANYA ANTHONY, SOUTH CAROLINA YOUTH ADVOCATE PROGRAM, HANNAH PABST, MONICA KELLY, REBECCA RAFFERTY, WISE CARE SERVICES, LLC, THREE RIVERS RESIDENTAL TREATMENT MIDLANDS CAMPUS, INC., UNIVERSAL HEALTH SERVICES, INC., UHS OF DELAWARE, INC., EXCALIBUR YOUTH SERVICES, LLC AND BROADSTEP BEHAVIORAL HEALTH, INC.,<br><br>Defendants. | Case No.: 4:25-cv-5882-JD<br><br><br><br><br><br>**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT UHS OF DELAWARE INC.'S MOTION TO DISMISS** |

This case arises from allegations under 42 U.S.C. § 1983 and related state-law claims stemming from Plaintiff A.P.'s placement in state custody and at the Three Rivers Residential Treatment facility. Presently before the Court is Defendant UHS of Delaware, Inc.'s ("UHSD") Motion to Dismiss (DE 8) under Rule 12(b)(6) of the Federal Rules of Civil Procedure. UHSD contends that the Complaint contains no

1

specific factual allegations about it and instead relies on impermissible group pleading and a corporate-relationship theory insufficient to state a plausible claim for relief. Plaintiff filed a response in opposition (DE 14), and UHSD filed a reply (DE 16). For the reasons below, the Court grants UHSD's Motion to Dismiss (DE 8) without prejudice.

## I.    BACKGROUND

The following facts are taken from Plaintiff's Complaint and are accepted as true.[1]

### A.    Factual Background

According to the Complaint, Plaintiff A.P. is a minor child who has been in the custody of the South Carolina Department of Social Services ("SCDSS") since 2017. (DE 1-1 ¶ 3.) Plaintiff alleges that during her placement at Three Rivers Residential Treatment Midlands Campus, Inc. ("Three Rivers"), she was sexually assaulted by another resident. (DE 1-1 ¶¶ 132–33.)

Plaintiff asserts that Three Rivers is "owned, operated, controlled by, and/or managed by" Universal Health Services, Inc. ("UHS") and UHS of Delaware, Inc. ("UHSD"), and that both entities exercised control and had the right to control Three Rivers' operations. (DE 1-1 ¶¶ 21–27.) UHSD is alleged to serve as UHS's "management subsidiary." Plaintiff also asserts that Three Rivers, UHS, and UHSD possessed the right or power to direct and control the way employees provided care,

---

[1] The Court's review on a motion under Rule 12(b)(6) is limited to the allegations in the Complaint and documents properly incorporated therein. *See* Fed. R. Civ. P. 12(d). The Court does not consider exhibits attached to Plaintiff's opposition as amending or supplementing the Complaint.

as well as the hiring, retention, training, and supervision of staff. (DE 1-1 ¶¶ 94–95.) Plaintiff contends that these defendants had non-delegable duties to ensure adequate training and supervision of staff, and that acts or omissions of employees at Three Rivers are imputable to them. (DE 1-1 ¶¶ 97–98.)

Plaintiff sues numerous individual and corporate defendants, asserting eight causes of action under the Fourteenth Amendment along with related state-law claims. The allegations encompass constitutional violations and negligence connected to A.P.'s experiences in state custody and at the Three Rivers facility. The present motion involves only the fifth cause of action, which asserts negligence against Three Rivers, UHS, and UHSD.

### B. Procedural History

Plaintiff filed this action in the Horry County Court of Common Pleas, Case No. 2025-CP-26-03403. On June 18, 2025, several defendants removed the case to this Court under 28 U.S.C. §§ 1331 and 1441. (DE 1.) Following removal, multiple defendants filed answers. (DE 4, 10, 11, 21, 31, 44.) UHSD appeared on June 25, 2025, and filed the instant motion to dismiss under Rule 12(b)(6). (DE 7, 8.) Plaintiff filed a response in opposition on July 3, 2025 (DE 14), and UHSD filed a reply on July 10, 2025 (DE 16).

UHSD argues that dismissal is warranted because the Complaint does not contain specific factual allegations against it and instead relies on impermissible group pleading. The motion is now ripe for disposition.

## II. LEGAL STANDARD

**Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). In other words, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Rule 8(a)(2), Fed. R. Civ. P.).

### III. DISCUSSION

UHSD moves to dismiss on the ground that the Complaint fails to state a plausible claim for relief against it. UHSD emphasizes that the Complaint contains no factual allegations specific to UHSD, but relies on conclusory assertions that UHSD, together with other entities, "owned, operated, controlled by, and/or managed" Three Rivers. (DE 1-1 ¶¶ 21–27, 94–98.) According to UHSD, such group pleading, and reliance on corporate affiliation are insufficient under *Iqbal* and *Twombly*. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Plaintiff responds that many of the facts regarding UHSD's control over Three Rivers are uniquely within UHSD's possession and may be shown through discovery. Plaintiff points to public filings, regulatory materials, and other lawsuits involving UHSD to argue that it plays an active management role in facilities like Three Rivers. (DE 14 at 5–9, Exs. 1–6.) Plaintiff also requests that, at a minimum, any dismissal be without prejudice so that an amended complaint may be filed if more facts are uncovered.

In reply, UHSD stresses that Plaintiff concedes the Complaint itself lacks specific factual allegations against UHSD. (DE 16 at 1–3.) UHSD argues that Plaintiff's reliance on exhibits attached to her opposition cannot cure the deficiency of the pleading, as "a memorandum in opposition or response [] cannot remedy the defects in a party's complaint." *Martin v. A Celli Int'l, Inc.,* 2014 U.S. Dist. LEXIS 64781, at *16 (D.S.C. May 12, 2014). UHSD contends that allowing Plaintiff to

5

proceed to discovery in the hope of finding a viable claim would amount to a prohibited "fishing expedition." *See Johnson v. Am. Towers, LLC*, 781 F.3d 693, 709 (4th Cir. 2015).

Having carefully reviewed the Complaint, the Court agrees that the allegations directed at UHSD are insufficient under Rule 8 and Rule 12(b)(6). Plaintiff's allegations as to UHSD are conclusory and couched largely in terms of "information and belief." (DE 1-1.) While a plaintiff may plead on information and belief where relevant facts are peculiarly within a defendant's knowledge, the complaint must still include enough factual material to make the inference of liability plausible. *See Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). Here, the Complaint alleges that UHSD "owned, operated, controlled, and/or managed" Three Rivers but does not identify any particular acts by UHSD, its employees, or its agents in connection with the misconduct alleged. Indeed, Plaintiff acknowledges the limitations of her current pleadings, noting that "right now, this is as close as Plaintiff can get," and requests leave to amend to add additional factual allegations concerning UHSD's role. (DE 14 at 13.)

The Court also agrees that exhibits attached to Plaintiff's opposition brief—such as press releases, regulatory agreements, or other court filings—cannot amend the Complaint or substitute for factual allegations not pled therein. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013). The sufficiency of the pleadings must be evaluated based on the Complaint itself.

6

Even so, dismissal will be without prejudice. Plaintiff's Response makes clear that she believes factual allegations tying UHSD to Three Rivers' operations can be set forth in an amended pleading, and courts generally permit amendment at this early stage of the litigation. *See Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) ("A dismissal under Rule 12(b)(6) generally is not final or on the merits and the court normally will give plaintiff leave to file an amended complaint. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading.") The Court finds it appropriate to allow Plaintiff the opportunity to replead her claims against UHSD with additional specificity.

## IV.  CONCLUSION

For these reasons, Defendant UHS of Delaware, Inc.'s Motion to Dismiss (DE 8) is **GRANTED**. Plaintiff's fifth cause of action against UHS of Delaware, Inc., is dismissed **without prejudice**. Plaintiff may file an amended complaint within twenty-one (21) days of the date of this Order.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 26, 2025